**2016 UT App 129**

## THE UTAH COURT OF APPEALS

VICTOR MIGENES,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
Respondent.

Per Curiam Decision
No. 20150742-CA
Filed June 23, 2016

Original Proceeding in this Court

Victor Migenes, Petitioner Pro Se

Suzan Pixton, Attorney for Respondent

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and KATE A. TOOMEY.

PER CURIAM:

¶1 Victor Migenes seeks review of the Workforce Appeals Board's (the Board) decision that he committed fraud in the receipt of unemployment benefits and its order that he pay a total of $1,032 for receiving an overpayment of benefits and as a civil penalty. We decline to disturb the Board's decision.

¶2 The Board's determination that Migenes committed fraud is "a mixed question of law and fact" that is more fact-like than law-like "because the trial court [or agency] is in a superior position to decide it" and because the case "does not lend itself to consistent resolution by a uniform body of appellate precedent." *Carbon County v. Workforce Appeals Board.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (alteration in original) (citation and internal quotation marks omitted). Accordingly, "[w]e grant more deference" to the Board's decision. *Id.*

¶3    A claimant for unemployment benefits is ineligible to receive benefits for any particular week in which the claimant obtains a benefit "by willfully making a false statement or representation or by knowingly failing to report a material fact." Utah Code Ann. § 35A-4-405(5)(a) (LexisNexis Supp. 2012). As a result, if a claimant bases his claim upon false information and obtains unemployment benefits to which he was not entitled, the claimant must repay any amounts received. *See id.* § 35A-4-405(5)(c)(i). The claimant must also pay, as a civil penalty, an amount equal to the amounts received as a result of the fraud. *See id.*

¶4    The Department of Workforce Services' (the Department) rules state that "[f]raud requires a willful misrepresentation or concealment of information for the purpose of obtaining unemployment benefits." Utah Admin. Code R994-406-401(2). Thus, in order to establish fraud, the Department must establish materiality of the statement, knowledge, and willfulness. *See id.* R994-406-401(1). "Materiality is established when a claimant makes false statements or fails to provide accurate information for the purpose of obtaining . . . any benefit payment to which the claimant is not entitled." *Id.* R994-406-401(1)(a)(i)(A). Knowledge is established when the claimant knew or should have known that the information submitted to the Department was incorrect or that the claimant failed to provide required information. *See id.* R994-406-401(1)(b). Finally, "[w]illfulness is established when a claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994-406-401(1)(c).

¶5    Here, the evidence supports the Board's findings and ultimate conclusions. During the two weeks in question, Migenes obtained paid temporary employment and worked for twelve hours one week and fifteen hours the other week. However, in submitting his weekly claim for benefits, Migenes answered "no" to the Department's question, "During the week,

did you work or attend paid training?" Because these statements were false and were made for the purpose of obtaining benefits for which Migenes was not eligible, they support findings of materiality and willfulness. Further, because Migenes knew or should have known that his statements were false, the statements also support a finding of knowledge. Accordingly, evidence supports the Board's findings.

¶6     Migenes argues that he did not commit fraud because he lacked the intent to deceive. In so arguing, Migenes relies on common law definitions of fraud, which include an intent element. However, as stated above, the definition of fraud for purposes of the unemployment compensation regulatory scheme is set forth in the Utah Administrative Code and has no element specifically requiring an intent to deceive. Instead, willfulness is established by the filing of claims containing false statements, responses, or deliberate omissions. *See id.* Thus, Migenes's intent is irrelevant except as it pertains to the definitions and requirements set forth in the administrative rules.

¶7     For these reasons we decline to disturb the decision of the Board.

——————